UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY MOTLEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA, STATE OF, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:20-cv-00056-MMD-CLB<br><br>ORDER |

**I.　DISCUSSION**

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1-1). The Court sent Plaintiff an advisory letter informing him that the Court would need to review, or "screen," his complaint before it is docketed and served upon the Defendants. (ECF No. 2.) The Court further informed Plaintiff that it would be several months before the Court screened his complaint, that the Court would notify Plaintiff as soon as any action is taken in this case, and that Plaintiff should not file repetitive motions. (*Id.*)

Since receiving the Court's advisory letter, Plaintiff has filed numerous documents, including multiple motions to proceed *in forma pauperis*, multiple documents entitled proposed waiver of service, and multiple documents proposing default judgment against the Defendants. The Court has not yet screened Plaintiff's complaint, and the complaint has not yet been served on the Defendants. Nonetheless, the docket already has 49 entries, consisting primarily of repetitive motions and filings by Plaintiff. As such, the Court now reiterates for Plaintiff that this case is currently at a prescreening stage. Plaintiff's complaint has not been docketed or served on the Defendants. Thus, the Defendants are not in default. Plaintiff should not file any more repetitive motions.

The Court is aware of Plaintiff's filings and will address his motions when it screens his complaint. This case is in line for screening, but it will be several months until the case is screened. The Court warns Plaintiff that filing repetitive or procedurally

inapplicable motions does *not* increase the speed in which the Court is able to proceed with this case.  The Court has a heavy docket and Plaintiff's case is just one of hundreds before the Court.  Plaintiff's excessive filings only *slow* the pace of this litigation by requiring the Court's attention and consideration.  As long as Plaintiff keeps his address current, Plaintiff will receive any updates on the status of this case from the Court.

## II.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Clerk of the Court resend Plaintiff the Court's advisory letter (ECF No. 2).

DATED this 19th day of  June 2020.

_____
UNITED STATES MAGISTRATE JUDGE